**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEROME ADRIAN DAVID,

    Petitioner - Appellant,

v.

DERRICK YAZEL, Warden,

    Respondent - Appellee.

No. 24-6187
(D.C. No. 5:23-CV-00128-SLP)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Jerome Adrian David is a prisoner in the custody of the State of Oklahoma.

Proceeding pro se,[1] he seeks a certificate of appealability (COA) to appeal the district

court's dismissal of his application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C.

§ 2253(c)(1)(A) (requiring COA to appeal from "the final order in a habeas corpus

proceeding in which the detention complained of arises out of process issued by a

State court"). He claims that his rights under the Fourth Amendment were violated by

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Although we liberally construe *pro se* filings, we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted).

a search of his home and the seizure of evidence, and that his right to effective assistance of counsel under the Sixth Amendment was violated because neither his trial attorney nor his attorney on direct appeal raised his Fourth Amendment issue.[2] Because these claims are procedurally barred, we deny his request for a COA and dismiss his appeal.

In February 2020 an Oklahoma jury convicted Mr. David of second-degree burglary, being a felon in possession of a firearm, and concealing stolen property. He was sentenced to 17 years in prison. On direct appeal he argued only that the trial court should have dismissed the stolen-property count. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction.

In November 2021 he initiated postconviction proceedings in state district court, claiming violations of the Fourth and Sixth Amendments. The following January, that court denied his application because he had not raised those issues on direct appeal and because his attorney on appeal had not been ineffective in failing to raise the issues. Three months later, in April 2022, he filed a petition in error in the OCCA in an attempt to appeal that denial. The OCCA declined jurisdiction, dismissing his petition as untimely. *See* Okla. R. Crim. App. 5.2(C)(2) ("If the post conviction appeal arises from a . . . regular felony conviction, the required documents must be filed within sixty (60) days from the date the final order of the District Court is filed with the Clerk of the District Court."); *id.* R. 5.2(C)(5) ("Failure to file a

---

[2] In the district court Mr. David also raised a double-jeopardy claim, but he does not pursue that claim in this court.

petition in error, with a brief, within the time provided, is jurisdictional and shall constitute a waiver of right to appeal and a procedural bar for this Court to consider the appeal.").

That July Mr. David returned to the state district court, filing an application for postconviction relief requesting a recommendation to appeal out of time, but the request was denied. He filed an untimely appeal of that denial, and in December 2022 the OCCA dismissed the appeal on that ground. *See* Okla. R. Crim. App. 5.2(C)(1) ("The party desiring to appeal from the final order of the District Court . . . MUST file a Notice of Post-Conviction Appeal with the Clerk of the District Court within twenty (20) days from the date the order is filed in the District Court. . . . The filing of the Notice of Post-Conviction Appeal in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal.").

In February 2023 Mr. David filed his § 2254 application in the United States District Court for the Western District of Oklahoma. He reiterated his Fourth and Sixth Amendment claims—that his home had been illegally searched and his property illegally seized, and that his trial and appellate counsel gave him ineffective assistance by failing to raise these issues at trial or on direct appeal.

The magistrate judge recommended that Mr. David's § 2254 application be dismissed because his claims were procedurally barred. In particular, the magistrate judge concluded that his Fourth and Sixth Amendment claims were barred because his appeals to the OCCA were untimely. The district court adopted the recommendation and denied relief.

3

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, as it was here, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see Cone v.*

4

*Bell*, 556 U.S. 449, 465 (2009) ("[W]e have held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.").

Mr. David did not raise his Fourth and Sixth Amendment claims on direct appeal from his conviction. And although he raised them in the state trial court in postconviction pleadings, the OCCA dismissed as untimely under Rule 5.2(C) his appeal from the adverse decision by the trial court. We have repeatedly held that a dismissal under that rule is an independent and adequate state procedural bar. *See Johnson v. Champion*, 288 F.3d 1215, 1226–27 n.3 (10th Cir. 2002); *Duvall v. Reynolds*, 139 F.3d 768, 796–97 (10th Cir. 1998); *see also Tush v. Crow*, No. 21-7002, 2021 WL 4592135, at *5 (10th Cir. Oct. 6, 2021) (unpublished) ("This court has repeatedly held that the OCCA's declination of jurisdiction over a petition of error not filed within the time period provided by Rule 5.2(C) . . . is an independent and adequate state procedural bar.").

Mr. David argues that ineffective assistance of counsel at trial and on direct appeal prevented him from properly pursuing his Fourth Amendment claim. But even though ineffective assistance of counsel can constitute cause for a procedural default, *see Murray v. Carrier*, 477 U.S. 478, 488 (1986), we cannot rely on such cause unless the prisoner has preserved the issue in state-court proceedings. *See id.* at 488–89 ("[T]he exhaustion doctrine, which is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial

proceedings, generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." (citation and internal quotation marks omitted)). Having failed to do so, Mr. David has not established the requisite cause. Nor does he claim that he is "actually innocent," which is necessary to demonstrate a fundamental miscarriage of justice. *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (internal quotation marks omitted). In sum, the district court's procedural ruling was undebatable.

We **DENY** Mr. David's request for a COA and **DISMISS** his appeal. We **GRANT** his motion for leave to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge